RUNDLE v. SCHEETZ, DEFENDANT, AND WOLF, GARNISHEE.

September 21, 1839.

*Rule to show cause why judgment should not be entered against a garnishee.*

1. The salary of an inspector of the customs of the United States, which is not earned, is not liable to an attachment of execution.

2. The salary of an inspector which has been earned, is not the subject of an attachment of execution, in the hands of the collector of the port.

3. The act of 16th June, 1836, relating to executions, providing for the writ of attachment of execution, in case of a debt due to the defendant, intends that the debtor shall be made the garnishee.

4. *Qu.* Is a debt due by the United States the subject of an attachment of execution? Can the United States be made a garnishee, without a law to that effect?

IN this case (March term, 1839, No. 27,) Rundle had a judgment in this court, against Scheetz, who was an inspector of customs of the United States. The plaintiff issued an attachment of execution, and filed the following *interrogatories* to George Wolf, the garnishee:

" *First.*—Do you know John H. Scheetz, the defendant in the above suit named?

" *Second.*—Are you or are you not indebted to the said John H. Scheetz? If aye, state the amount of your indebtedness, and annex a copy of your account with him.

" *Third.*—Had you in your possession any moneys, debts or

[Rundle v. Scheetz defendant, and Wolf garnishee.]

effects of any nature whatever, belonging to the said John H. Scheetz, on the twenty-eighth day of February, eighteen hundred and thirty-nine, or at any time since? If aye, state the nature and amount thereof."

The following *answers* were made by the *garnishee.*

"George Wolf, Collector of the Port of Philadelphia, on whom the above writ of attachment was served as garnishee, exhibits the following answers to the interrogatories filed in the above cause.

" *First.*—To the first interrogatory he answers that he knows John H. Scheetz, the defendant in the above cause.

" *Second.*—To the second interrogatory, he answers that he was not indebted to the said John H. Scheetz, the above named defendant, at the time the said writ of attachment was served upon him, nor has he been indebted to him at any time since, otherwise than as mentioned and explained in his answer to the third interrogatory.

" *Third.*—To the third interrogatory he answers that he had not in his possession any moneys, debts, or effects, belonging to the said John H. Scheetz, on the twenty-eighth day of February, eighteen hundred and thirty-nine, or at any time since, other than as hereinafter mentioned. This deponent is the Collector of the Customs for the Port of Philadelphia, and takes it for granted that it is in that capacity only, that the annexed interrogatories are exhibited to him on the part of the plaintiff, having never as an individual, had any dealings or transactions with the said defendant, whereby he could have become indebted to him. The defendant John H. Scheetz, is employed as one of the inspectors of the customs, under the provisions of an act of Congress, entitled ' an act to regulate the collection of duties on imports and tonnage,' passed the second of March, 1799, section 21st of which authorizes the collector with the approbation of the principal officer of the Treasury Department to employ inspectors, &c. That the said inspectors receive a compensation established by law of three dollars per diem, to be paid by the collector, out of the revenue, and charged to the United States. That there was due to the said John H. Scheetz, as one of the inspectors as aforesaid, on the first of March last, the sum of eighty-four dollars, and on the first of April last, there would have been due to him as compensation, as aforesaid, the further sum of ninety-three dollars, of

[Rundle v. Sheetz defendant, and Wolf garnishee.]

which last mentioned sum, however, forty-five dollars were paid to the said John H. Scheetz, on the fifteenth day of March last, leaving due and payable to the said John, altogether out of the revenue of the United States, by the collector of the customs, the sum of one hundred and thirty-two dollars, on the 1st of April, instant. Deponent therefore answers generally that the defendant is employed as an inspector or officer of the customs, that his services are considered as being rendered to the United States, and that any moneys to which he may be entitled, and which may be in the custody of this deponent, are the moneys of the United States and are due and payable to the said John H. Scheetz, as one of their inspectors, for services rendered by him as such."

The plaintiff obtained a rule to show cause why judgment should not be entered against the garnishee on his answers.

*R. R. Smith*, for the rule, cited act of 1836, (*Stroud's Purd. tit. Foreign Attachment.*)

*Norris*, contra, cited the acts of Congress of March 2d, 1799, (1 *Story's Laws*, 1590,) section 21, and of the 3d March, 1815, (2 *St.* 1516, *Gord. Dig.* 347 ;) act of 2d March, 1799, section 2 ; act of 7th May, 1822, section 16, (3 *Story* 1856.)

*J. S. Smith*, in reply, referred to 2 *Gall.* 361 ; 1 *ibid.* 221.

Per Curiam.—We are asked for judgment in this case, against George Wolf, the garnishee, on his answers. The salary of an inspector of customs, which has not accrued at the time of the attachment of execution laid, is clearly not attachable, because it is not, under the act of 16th June 1836, relating to executions, (*Stroud's Purd.* 415, *6th edition,*) in any aspect, a *debt due or belonging to the defendant.* But the answers disclose that there had accrued and was due to the defendant, one hundred and thirty-two dollars, which would have been rightly attachable, if it were not for other reasons. In the first place we need not decide whether a claim, however just, against the government of the United States is attachable. It has been suggested that although it may be a debt in the ordinary sense of the term, yet as the government cannot be sued without an act of Congress authorizing it, and as the claim, therefore is irrecoverable by suit, it is not such a debt as is within the purview of our execution act. Without deciding

[Rundle v. Scheetz defendant, and Wolf garnishee.]

this question, there is, however, an insuperable objection to the granting of the plaintiff's motion.    By the 35th section of the act of 1836, when *a debt* due to the defendant is attached, the *debtor* must be made the garnishee.    Now here Mr. Wolf is not individually the debtor.    As a collector, under the laws, he is merely an agent of the government, which is the real debtor and not a party before us as garnishee.    If we rendered judgment against the collector, execution would go against him individually, for a debt not due by himself to the defendant, a state of things at entire variance with the letter and spirit of our act relating to executions.

Rule discharged.

